**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HADDONFIELD FOODS, INC.**                                                      **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 1:20cv148-LG-RHW**

**SOUTHERN HENS, INC.**                                            **DEFENDANT**

**ORDER TRANSFERRING CASE**

This case is before the Court, *sua sponte*, to transfer venue to the Eastern Division of the Southern District of Mississippi. The lawsuit seeks damages for breach of contract(s), with jurisdiction resting on diversity of citizenship. According to the complaint, Plaintiff is a New Jersey corporation with its principal place of business in New Jersey and Defendant is a Mississippi corporation with its principal place of business in Moselle, Mississippi. Under the general venue statute, 28 U.S.C. § 1391, venue is proper in the Southern District of Mississippi. However, the complaint alleges no connection with the Southern Division of the Southern District of Mississippi, and the sole defendant resides in Moselle, Mississippi which is located in Jones County, in the Eastern Division of the Southern District of Mississippi. Title 28 U.S.C. § 1404(a) provides that the court may transfer venue of a civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." Such a transfer of venue may be made by the Court on its own motion. *Plywood Panels, Inc. V. M/V Thalia*, 141 F.R.D. 689, 690 (E.D. La. 1992). The Court concludes that the division where Defendant resides is the one which provides greater ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses and less cost in obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. See *Gulf Oil Corp. v.*

*Gilbert*, 330 U.S. 501, 508-09 (1947), *quoted in Koehring v. Hyde Construction Company*, 324 F.2d 295, 296 (5th Cir. 1963). Public interest factors to be considered also weigh in favor of transfer, as "[j]ury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp.*, 330 U.S. at 508, *quoted in Embree v. Cutter Biologics*, 760 F. Supp. 103, 106 (N.D. Miss. 1991). This Court has held that the convenience of party and non-party witnesses is the most significant factor in considering a section 1404(a) transfer. *Paul v. International Precious Metals Corp.* 613 F. Supp. 174, 179 (S.D. Miss. 1985). The Court finds the Eastern Division of the Southern District of Mississippi is the more convenient forum for this action. It is therefore,

**ORDERED AND ADJUDGED** that this action is transferred to the Eastern Division of the Southern District of Mississippi and should be reassigned in accordance with the procedures of the Clerk's office.

**SO ORDERED AND ADJUDGED** this the 5th day of May 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE