IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HADDONFIELD FOODS, INC.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:20-cv-84-KS-MTP**

**SOUTHERN HENS, INC.** **DEFENDANT**
**DEFENDANTS**

**ORDER**

This cause comes before the Court on Southern Hens, Inc.'s Omnibus Motion in Limine to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence from Trial [195]. Plaintiff, Haddonfield Foods, Inc. ("HFI") has responded [205], [206], and Southern Hens, Inc. ("SH") filed a reply [212]. Having reviewed the parties' submissions, the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds that the motion shall be granted in part and denied in part as set forth herein.

## I. BACKGROUND

The particulars of this case have been addressed in numerous orders throughout this litigation, so a full recitation of facts is not necessary. SH is a full-service chicken processing company located in Moselle, Mississippi. HFI is not a processor, but instead buys raw material from suppliers and arranges for the raw material to be shipped to and processed by a "co-packer" like SH, which in turn ships the finished product to HFI's customers.

SH and HFI (collectively "the parties") began doing business together in the 2000s, and over the course of their business relationship entered into two contracts, one in 2012 and another in 2014, for the production of fully-cooked chicken products for both HFI's and SH's customers. This lawsuit is predicated on disputes arising from the parties' 2014 Agreement, which had a ten-

year term. As the time for trial quickly approaches, SH has filed the instant motion seeking to exclude thirteen (13) categories of evidence at the trial, each of which the Court addresses below.

## II. DISCUSSION

The Federal Rules of Evidence govern the admission of relevant evidence. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, and misleading the jury, among other things. Fed. R. Evid. 403. The trial court must determine whether evidence is admissible, and it has broad discretion in so determining. *See* Fed. R. Evid. 104(a); *United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013) ("A 'trial court is afforded wide discretion in assessing the relevance and prejudicial effect of evidence.'").

"Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Gonzalez v. City of Three Rivers*, No. CA C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013). "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id.*

When evaluating a motion in limine, the Court must consider that under Rule 403, "'[u]nfair prejudice' . . . is not to be equated with testimony that is merely adverse to the opposing party." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006). "Virtually all evidence is prejudicial; otherwise it would not be material. The prejudice must be "'unfair.'" *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977). "Prejudice" to one party is the natural and intended consequence of the admission of evidence by another. *Hinojosa v. Butler,*

547 F.3d 285, 295 (5th Cir. 2008) (emphasis added). Thus, because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly. *Whitehead ex rel. Whitehead v. K Mart Corp.*, 173 F. Supp. 2d 553, 559 (S.D. Miss. 2000).

**A. The Court's Order Imposing Sanctions**

From November 2020 until June 2022, the parties engaged in significant, complex, and wide-ranging discovery that involved the review and production of tens of thousands of documents, and more than thirty fact and expert witness depositions. During this time, the parties' counsel conferred on multiple occasions to resolve discovery issues, and intervention of the Court was occasionally necessary to resolve these issues. In June 2022, HFI moved the Court to sanction Southern Hens for alleged discovery misconduct. [113]. The Court granted in part and denied in part HFI's motion for sanctions. [188].

In its Order, the Court found that HFI was prejudiced by Southern Hens' failure to timely disclose audio recordings and by incurring costs relating to third-party subpoenas for records in possession of Southern Hens' attorney. [188] at pp. 6, 12. Accordingly, the Court ordered Southern Hens to produce all recordings, metadata, and a related privilege log, and it granted HFI leave to conduct certain depositions, *see id*. at pp. 8–9, which took place on October 7 and 10, 2022. The Court further awarded HFI reasonable costs and fees incurred from conducting these depositions and from issuing subpoenas to individual Southern Hens board members for board minutes. *See id.* at pp. 8-9, 12-13.

SH moves the Court to enter an Order precluding HFI from mentioning, alluding to, or bringing before the jury, directly or indirectly, evidence, testimony, comments and/or arguments related to the Court's Order on HFI's motion for sanctions. SH argues that the Court's Order granting in part HFI's motion for sanctions, as well as any evidence related to sanctions imposed

by the Court, as well as the predicate acts that the Court found justified sanctions are not relevant to the issues for trial, and the admission of such evidence is unfairly prejudicial to Southern Hens.

HFI responds that it does not intend to introduce into evidence the Court's Order imposing sanctions against SH. However, HFI contends that the "predicate acts" that SH urges be precluded are too vague to be the subject of a motion in limine. Notwithstanding, HFI goes on to state that it appears SH seeks to keep HFI from introducing sworn interrogatories and deposition testimony of SH and several of its witnesses relating to the secret audio recordings and argues that such evidence is admissible as substantive evidence pursuant to Rule 801(d) of the Federal Rules of Evidence and Rule 32 of the Federal Rules of Civil Procedure.

In its Reply, SH clarifies that it seeks to exclude not only evidence of the Court's Order imposing sanctions but also any mention of the word "sanctions" during trial and that the "predicate acts" are clearly set forth in the sanctions Order, i.e., the Court's findings that (1) Southern Hens failed to timely identify and produce audio recordings, and (2) Southern Hens failed to timely produce board minutes. SH further clarifies that it does *not* propose that HFI be unable to question witnesses with a prior inconsistent statement such as an interrogatory response. Rather, SH only seeks to preclude HFI from questioning witnesses about sanctions the Court imposed.[1] SH makes clear that it "is simply asking that the Court preclude HFI from referring to 'sanctions' during trial, not prevent HFI from presenting its 'recordings case.'" [212] at p. 3.

With SH having narrowed the issue, the Court finds, as the court did in *Candy Craft Creations, LLC v. Gartner*, No. 2:12-CV-91, 2015 WL 6391202 at *6 (S.D. Ga. Oct. 22, 2015), that if the jury hears that the Court had found that SH was subject to sanctions, they would likely be biased against SH. As such, it would be difficult for the jury to maintain their objectiveness

[1] SH gives an example of such questioning from the deposition of John Comino. [212] at p. 2.

toward SH and inhibit the jury's "truth-seeking function." *Id.* Therefore, the motion in limine as to this issue is GRANTED, and it is ORDERED that neither party shall make any mention or reference through evidence or testimony of the Court's imposing sanctions on SH in this matter.

**B. Discovery Disputes Between the Parties**

Next, in addition to the Court's sanctions order, SH requests that the Court preclude HFI from presenting evidence, testimony, comments, and/or argument at trial concerning discovery disputes between the parties. HFI claims in response that SH's motion to exclude discovery disputes between the parties is "so ill-defined that [HFI] and the Court are left to guess what the parameters of the request are." [206] at p. 6.

The Court believes counsel for the parties are well aware of what the discovery disputes in this case were, and this Court itself is aware that it has granted similar motions in limine in the past. *See, e.g., Affordable Care, LLC v. JNM Office Prop., LLC*, No. 1:19-CV-827-HSO-RPM, 2022 WL 291716 at *3 (S.D. Miss. Jan. 31, 2022) (granting motion in limine to exclude references to discovery disputes ); *United States v. Auzenne, et al*., No. 2:19-CR-53-KS-MTP, 2020 WL 6438665 at *2 (granting motion in limine and finding discovery disputes are irrelevant to the issues before the jury). This is a trial about the merits, and the mention of discovery disputes has no relevancy to the issues at hand. Therefore, SH's motion in limine as to this issue is GRANTED. Any mention of issues arising between the parties during discovery is excluded, to the extent the parameters are unclear, the Court will entertain contemporaneous objections at trial.

**C. Southern Hens' Size, Shareholders, Net Worth, and the Net Worth of its Shareholders**

Next, SH states that it anticipates that HFI may attempt to suggest that HFI faces a "David and Goliath" situation in this case, but that any testimony or evidence regarding SH's size, shareholder, and net worth are not relevant to the issues for trial and are unfairly prejudicial to SH.

As to the issue of shareholders, HFI argues that such evidence is relevant. It contends that one of SH's defenses at trial will be that it could not meet its contractually agreed upon yield because of poor quality raw material supplied by HFI.[2] HFI points out that, ironically, it purchased raw material from several of SH's shareholders, which SH routinely inspected and approved, notwithstanding its current complaints about "quality." Another reason HFI argues this portion of the motion in limine is improper is that employees and representatives of shareholders were deposed and will be included in the pretrial order as witnesses (e.g., George's Renelius Sims and Sanderson Farms' Bob Rosa). The Court finds that the "shareholders" in particular may be relevant and agrees with HFI that precluding all references to SH's shareholders would be premature and improper.[3] Therefore, this aspect of the motion in limine is DENIED.

As to SH's size, HFI argues that the number of employees working at the processing facility (Steam Plant) is relevant to discussions about production and capacity. Given the Court's more recent rulings on the dispositive motions in this case, it is uncertain whether production and capacity are still relevant as to the remaining claims. Therefore, this aspect of the motion in limine is DENIED without prejudice to SH's raising contemporaneous objections during trial and allowing the Court to hear additional argument about the relevancy.

Finally, as to SH's net worth, the Court finds any such evidence irrelevant to the merits of this case. In its response HFI agrees not to use the words "David and Goliath" or similar references and represents that it would follow the guidance of the Court should a verdict be rendered and the

[2] The Court also notes that poor quality is the basis for some of SH's affirmative claims.

[3] In its Reply, SH claims that its motion in limine has "nothing to do with the contractually agreed-upon yield, production, or capacity. Rather, SH seeks exclusion of evidence relating to of its size, shareholders, or net worth to the extent that it may be used to improperly influence the jury to assess liability against Southern Hens based on its ability to pay a judgment." [212] at 5. However, motions in limine deal with evidence, and the fact that SH has shareholders and who those shareholders are are simply facts. If they are relevant to issues at trial, the facts are admitted. The Court cannot control by a motion in limine how a jury construes the facts.

jury be permitted to consider evidence of net worth. Therefore, this aspect of the motion in limine is GRANTED, and there will be no mention of SH's net worth.

**D. The Allegation in HFI's Complaint that SH's Officers/Supervisors Directed Employees to "Find Problems" with Raw-material Deliveries from HFI**

SH points out that in HFI's Complaint, HFI alleged that "[o]n information and belief, [Southern Hens'] officers/supervisors directed one or more employees and/or inspectors to 'find problems' in the Raw Materials from HFI as early as 2018 . . . ." [1] at ¶ 16. SH contends that such theory is unsupportable because discovery did not reveal any evidence to support this allegation. HFI gives a full recitation of facts that it believes supports the theory generally although it is true that no one testified specifically that employees were directed to "find problems" with the raw materials.

The Court is uncertain as to the overall relevance of such information because it is unclear what particular remaining claim or defense HFI intends to prove with such evidence. Notwithstanding, SH's premise for excluding any theoretical evidence, which is because the fact has not been proven in discovery, is not proper on a motion in limine. Therefore, this aspect of the motion in limine is DENIED. Should someone testify as to this "fact" at trial, he or she would be subject to impeachment evidence with any prior inconsistent testimony or sworn answers in discovery.

**E. The Legality of Recording Telephone Conversations**

SH next moves the Court to preclude HFI from questioning witnesses about the legality of recording telephone conversations. In response, HFI states that SH "misses the point," arguing that whether SH's employees considered the legality of recording conversations is relevant to the employees' motives in making the recordings in the first place. [206] at p. 10. SH clarifies in its Reply that it does not dispute that questions regarding whether an employee *considered* the legality

of recording calls *may be* relevant, but SH points to testimony that contains pointed questions about whether doing so is legal in certain states. The Court understands from SH's reply that the line of questions that SH seeks to preclude HFI from asking is specifically about whether recording conversations without the other party's knowledge is *legal* in various states.

The merits of the claims in this case do not necessitate evidence of any potentially illegal activity, and the Court will not conduct a "trial within a trial" on such issue. The Court finds that any testimony about whether recording telephone conversations is actually legal and the law from any state regarding the legality of such is irrelevant, confusing, and would be highly prejudicial. Therefore, this aspect of the motion in limine is GRANTED.

**F. Any Suggestion that SH Employees Were Obligated to Report to SH's Board of Directors that They Recorded Telephone Calls with Representatives of HFI**

SH next moves the Court to preclude HFI from suggesting that SH's employees were obligated to report telephone recordings to the Board of Directors. [196] at p. 10. SH argues that any argument or suggestion that SH's employees were somehow legally and/or ethically obligated to report the recordings to the Board of Directors is not relevant and would likely confuse the jury and unfairly prejudice SH. Again, the Court does not intend to conduct any trial within a trial as to these telephone recordings. The Court finds that whether or not there was *any obligation to report* such activity to SH's Board of Directors is irrelevant to the issues in this trial and will confuse the jury as to what facts are necessary to determine liability on the remaining claims in this case. The motion in limine in this aspect is GRANTED. To the extent it is relevant, the fact of whether an SH employee did or did not discuss the secret recording of telephone calls with the Board is not precluded.

**G. Any Reference to the AICPA Rules of Ethics as They Relate to Recorded Telephone Conversations**

SH next moves the Court to preclude HFI from questioning witnesses regarding, or otherwise alluding to the American Institute of Certified Public Accountants' ("AICPA") ethical rules applicable to Certified Public Accounts ("CPAs"), as they relate to recording telephone conversations between individuals. In particular SH points to HFI's line of questioning from the deposition of Brian Izor, a CPA and SH's Chief Financial Officer, wherein counsel for HFI questioned Mr. Izor about whether his recording of telephone conversations between Southern Hens employees and representatives of HFI was a permissible activity under the AICPA's ethical rules:

> Q: Did you ever verify whether it was permissible activity under the AICPA's ethical rules to record telephone conversations without revealing to the other party they were being recorded?
>
> A. No.
>
> Q. You've never looked into that?
>
> A. No.
>
> Q. And have you looked at the Ohio state rules?
>
> A. No.

[195-4] 59:14-24.

In response, HFI states that it is not asking the jury to decide whether under the AICPA's rules it was ethical or unethical for Izor to secretly record telephone calls with third parties, but simply whether he considered the question as a licensed Certified Public Accountant subject to rules of professional conduct. Mr. Izor's consideration of his own ethical responsibilities is relevant to his credibility. The Court disagrees.

The questions posed to Mr. Izor inherently imply that recording telephone conversations was *not* permissible; otherwise, why ask the question? Without going into whether it actually was or was not permissible, which gets into legal conclusions the Court will not allow, the jury will be confused and possibly misled. Whether or not recording conversations complied with ethical rules for CPAs is not a question for the jury to decide. Therefore, this aspect of the motion in limine is GRANTED. HFI is not to refer to, mention, or inquire about the AICPA rules for CPAs.

**H. A Southern Hens Employee's Arrest for Felony Malicious Mischief, a Charge that Has Been Dismissed**

In discovery HFI disclosed the names of three law enforcement officers and neighbors of SH's Operations Manager, Mark Ferry, "who witnessed and/or complained of his behavior to the Jones County Sheriff's department in March or April 2022" as individuals who are likely to have discoverable information in this case. [195-5]. SH believes that SH may seek to elicit testimony from these individuals regarding an alleged incident that occurred in the spring of 2022, for which Mr. Ferry was arrested. SH advises that, although Mr. Ferry was initially charged with felony malicious mischief, the County prosecutor declined to prosecute.

SH argues that Mr. Ferry's interactions with his neighbors during his personal time at home are irrelevant because they are not related to the issues for trial or Mr. Ferry's employment with SH. to the extent that HFI intends to introduce evidence of Mr. Ferry's interactions with his neighbors and spring 2022 arrest to support its theory that Mr. Ferry manages employees at Southern Hens through "fear and intimidation," such an introduction is impermissible character evidence and should be excluded under Federal Rule of Evidence 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.").

In response, HFI argues that there is evidence in an SH email that one of the factors that can contribute to a lower yield is "employee turnover." [202] at p. 13. HFI explains that SH's former Quality Manager, Tony Zadrozny, testified that Comino and Ferry had a "fear and intimidation management style" and would call employees "retards" and "stupid" and that there is other evidence relating to a 500% turnover rate in 2019. HFI states that it will agree not to reference Ferry's arrest, but argues that the statements leading to the arrest are relevant. HFI asserts that Ferry references his work with SH when he mentions to the deputies the number of employees he supervises and how much money he earns;[4] he then curses and demeans the officers, and "simply presents the 'unvarnished truth' of how Ferry treats others who he considers subordinate to him like his own employees at the Steam Plant." [202] at p. 14 (citing to [201-8], [201-9]).

The Court finds the video inadmissible. The incident does not take place at the Steam Plant; Ferry is not speaking to employees but law enforcement; and the details of the situation are unavailable. Such evidence appears to be offered, as HFI all but concedes, to prove that how Ferry acted in the video is how he acts toward employees at the Steam Plant; thus, the video and the transcript of the audio in the video is improper character evidence, which is precluded under Rule 404. In addition, the relevance of such evidence to prove that SH could not meet its target yield due to employee turnover is so tenuous, as SH points out in its Reply, it is likely to confuse the jury. Therefore, this aspect of the motion in limine is GRANTED. HFI shall not introduce evidence related in any way to the arrest or the video or statements made therein.

**I. Alleged Use of Racial Epithets by SH's Managers**

SH next cites to deposition testimony former of Southern Hens employee, Tony Zadrozny, wherein HFI asked him whether Mr. Comino or Mr. Ferry used racial epithets to describe

---

[4] The Court has reviewed the transcript, which actually does not contain such statements nor any reference to "employees" or how much money Ferry makes. [201-8].

employees at Southern Hens. Zadrozny said, "no, I never heard that." [195-7]. Because those questions were asked, SH asks the Court to exclude all race-related questioning and arguments similar to HFI's counsel's questioning during Mr. Zadrozny's deposition. The Court finds the request improper for a motion in limine, as there is not specific evidence sought to be excluded. Should such a question be asked, as it relates to any derogatory term, SH may raise a contemporaneous objection, and the Court will address argument in the moment. As HFI notes, the risk is HFI's whether to ask witnesses about such language before the jury. Therefore, this aspect of the motion in limine is DENIED.

**J. Any Reference to "Industry Standards" that Southern Hens Should Have Allegedly Followed**

Southern Hens moves the Court to preclude HFI's counsel from referencing alleged "industry standards" or "industry custom and practice" in the poultry-processing industry because no witness identified any set, specific, industry-wide standards, customs or practices during discovery. This again is an improper basis for a motion in limine. Both parties appear to have produced witnesses who utilize such terminology, and each of those witnesses will be subject to cross-examination to defend its use of such term, which the jury is free to believe or not believe. Therefore, this aspect of the motion in limine is DENIED.[5]

**K. The Ability of Southern Hens to Expand the Size of its Steam Plant**

SH next moves the Court to preclude HFI's counsel from suggesting that SH could have expanded the Steam Plant because one of HFI's expert stated in his report that SH could have expanded the actual structure of the Steam Plant. [195-10] at pp. 11-13. Once again, the purpose of a motion in limine is to preclude particular irrelevant or prejudicial evidence—precluding

[5] To the extent HFI intends to try to prove liability for a failure to follow industry standards, the jury instructions on the substantive law should clear up any misconceptions with the jury.

"counsel's suggestion" is not a proper basis. Notwithstanding, in light of the summary judgment granted in favor of SH as to HFI's claim that SH did not meet its contractual obligation as to a certain quantity, it is uncertain whether the size of the Steam Plaint, or adding another steam line or adding another production shift are even relevant anymore. This can be addressed as necessary during trial. Therefore, this aspect of the motion in limine is DENIED without prejudice.

**L. The Jurors Putting Themselves in HFI's shoes**

SH next seeks to preclude HFI's counsel from making any comment to the effect that the jury should put themselves in the shoes of HFI and/or its representatives, such as asking the jurors how they would feel if they were recorded without their knowledge. Again, counsel's comments are not evidence, but HFI represents that it will respect the general prohibition against using "golden rule" type questions of the jury. However, HFI opposes any limitations on questioning its witnesses about their reaction to learning that SH had been secretly recording them. SH clarifies in its Reply that it does not seek to preclude HFI from questioning its witnesses in this regard, just in addressing the jury. Thus, it appears the parties are now on the same page, and HFI shall not in any way suggest that the jury put themselves in HFI's shoes regarding being recorded without their knowledge. This aspect of the motion in limine is GRANTED.

**M. Offers to Compromise by SH.**

"The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence . . . ." Regions Com. Equip. Fin., LLC v. Performance Aviation, LLC, No. 2:16-CV-110-KS-JCG, 2017 WL 11608831, at *1 (S.D. Miss. July 14, 2017). Offers of compromise and settlement negotiations are clearly addressed in Federal Rule of Evidence 408, by which the parties shall abide. This aspect of the motion in limine is denied as moot.

## III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Southern Hens, Inc.'s Omnibus Motion in Limine to Exclude Irrelevant, Unduly Prejudicial, and Other Evidence from Trial [195] is granted in part and denied in part as stated herein.

SO ORDERED and ADJUDGED this 3rd day of March 2023.

/s/ Keith Starrett ___________________
KEITH STARRETT
UNITED STATES DISTRICT JUDGE