IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HADDONFIELD FOODS, INC.**                                                              **PLAINTIFF**

v.                                                       CIVIL ACTION NO. 2:20-cv-84-KS-MTP

**SOUTHERN HENS, INC.**                                                                **DEFENDANT**

### ORDER

This cause comes before the Court on Haddonfield's Motion to Exclude Southern Hens' Damages Expert's Opinions [231] filed by Haddonfield Foods, Inc. ("HFI"). The Court is in no need of further briefing on the issue.

On March 17, 2023, the Court held a status conference to address several issues raised in the parties' proposed Pretrial Order, one of which had been stated as a contested issue of law. The issue stated as follows:

> Whether SH's damages expert, Mr. Michael Carraway, may opine as to damages allegedly incurred from underused capacity at the Steam Plant "available for processing Haddonfield product but [that] was unused due to undersupply of unadulterated raw material . . ." in light of the Court's finding that the only quantity requirement in the 2014 Agreement was for Southern Hens to provide Haddonfield not less than 100,000 pounds of non-marinated cooked chicken.

A discussion ensued, which ended with the Court allowing the parties to brief such issue for determination prior to trial. The Court acknowledged that the deadline for *Daubert* motions has long since passed, but because the parties had raised this as an "issue of law," perhaps it was best determined prior to the start of trial.

On Sunday, March 19, 2023, the Court received an email from counsel for Southern Hens ("SH"), which stated that "Southern Hens is withdrawing its claim for damages based on unused capacity as referenced in Mike Carraway's expert report." HFI now seeks in this motion (filed on Monday, March 20, 2023) to "confirm what opinions Southern Hens has withdrawn as a result of

yesterday's message." [231] at p. 1. It seems quite clear that SH has now withdrawn only Carraway's opinion that SH incurred past lost profits based on *underused capacity* that was unused due to an undersupply of unadulterated raw material. There is no further clarification needed.

Notwithstanding, HFI questions whether future lost profits should also be excluded because Carraway based his future lost profits analysis on the past lost profit model. [231] at p. 2. The methodology used for his future profit opinions will have to be examined and challenged on cross-examination. The Court did not intend to reopen arguments on *Daubert* challenges. HFI has known for almost a year what Carraway's opinions are and could have moved on additional grounds to exclude these opinions but failed to do so.

Likewise, the same holds true for HFI's further request that the Court exclude Carraway's lost profits opinion based on raw material quality and yield because HFI contends such opinion is contrary to what the parties' contract provided about yield. HFI argues that Haddonfield never "guaranteed" in the 2014 Agreement that SH would achieve a certain yield and that the contract does not require HFI to pay SH if it did not hit a certain yield. [231]. The Court cannot rule on this issue at this time, as the Court has never issued a ruling on contract interpretation regarding yield. Again, the parties have long known each other's contentions and their experts' opinions and, for whatever reason, chose not to move for summary judgment on the interpretation of the contract in that regard nor did HFI seek to exclude the opinion through a timely *Daubert* motion.[1] While the argument is interesting and may very well have merit, the Court declines to engage in such analyses on the eve of trial. These are issues that must now be presented to the jury.

---

[1] Under the Case Management Order the deadline for dispositive motions and *Daubert* motions are the same day. [16], [30], [46]. Therefore, parties never have a ruling on summary judgment prior to filing *Daubert* motions.

THEREFORE, it is hereby ORDERED that Haddonfield's Motion to Exclude Southern Hens' Damages Expert's Opinions [231] is DENIED.

SO ORDERED AND ADJUDGED this 21st day of March 2023.

        /s/ Keith Starrett
        KEITH STARRETT
        UNITED STATES DISTRICT JUDGE